IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROBERT E. RODRIGUEZ-CARRERAS,

        Plaintiff,

                              CIVIL ACTION
    vs.                         No. 11-3008-SAC

STATE OF KANSAS, et al.,

        Defendants.

MEMORANDUM AND ORDER

    This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff has filed a motion for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (Doc. 2) and a motion for transfer (Doc. 3).

    Plaintiff's motion to proceed in forma pauperis is governed by 28 U.S.C. § 1915(b).  Pursuant to 28 U.S.C. § 1915(b)(1), the court must assess as an initial partial filing fee twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action.  In support of his motion, plaintiff provides certified financial records from his institutional account for the six months preceding the date of filing of this action.

Having examined the records, the court finds the average monthly deposit to plaintiff's account is $19.16, and the average monthly balance is $4.91. The court therefore assesses an initial partial filing fee of $3.50, twenty percent of the average monthly deposit, rounded to the lower half dollar.[1]

Plaintiff's motion for transfer is difficult to interpret. To the extent he may seek information concerning the receipt and accuracy of his financial records, his records are before the court, and the court will direct the clerk of the court to supply a copy of the financial report to him.

To the extent the motion may be construed to request a transfer to another facility or housing area[2], the court finds no basis to grant such relief. It is settled that a prisoner has no constitutional right to be incarcerated in a particular correctional facility. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983). Rather, decisions concerning an inmate's classification and housing are matters within the discretion and expertise of prison officials, and these decisions ordinarily do not

---

[1] Plaintiff's payments will continue until he satisfies the $350.00 filing fee in this action. These payments will be made in installments calculated pursuant to 28 U.S.C. §1915(b)(2).

[2] The motion reads, in part: "please my ask I the court for transfer I one unity police...." (Doc. 3).

implicate an interest protected by the Due Process Clause. *Trujillo v. Williams*, 465 F.3d 1210, 1225 (10th Cir. 2006) (discussing classification of a plaintiff into segregation). Accordingly, a request for transfer ordinarily should be addressed to prison officials in the first instance. Plaintiff does not present any extraordinary circumstances that might warrant the intervention of this court, and his motion for transfer will be denied.

IT IS, THEREFORE, BY THE COURT ORDERED that on or before October 3, 2011, plaintiff shall submit an initial partial filing fee of $3.50. Any objection to this order must be filed on or before the date payment is due. The failure to file a timely response may result in the dismissal of this action without prejudice and without additional prior notice to the plaintiff.

IT IS FURTHER ORDERED the clerk of the court shall supply plaintiff with a copy of the financial records considered by the court (Doc. 4).

IT IS FURTHER ORDERED plaintiff's motion for transfer (Doc. 3) is denied.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

DATED:  This 1st day of September, 2011, at Topeka, Kansas.

                                        S/ Sam A. Crow
                                        SAM A. CROW
                                        U.S. Senior District Judge