```
                IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF KANSAS
```

**ROBERT E. RODRIGUEZ-CARRERAS,**

                **Plaintiff,**

      **v.**                                  **CASE NO. 11-3008-SAC**

**(FNU) PITTS, et al.,**

                **Defendants.**

**MEMORANDUM AND ORDER**

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff commenced this action while incarcerated in the Larned Correctional Mental Health Facility, Larned, Kansas.[1]

The matter comes before the court on the uncontested motion to dismiss (Doc. 28) filed by defendant Goodenough. The court also has carefully reviewed the *Martinez* report and attachments (Doc. 26) submitted by the Kansas Department of Corrections.

Plaintiff's complaint is written in a combination of English and Spanish and broadly alleges misconduct by correctional officers and inmates. Briefly summarized, plaintiff claims inmates planned to kill him and that officers provided them with weapons and opportunities to assault him.

*The motion to dismiss*

Defendant seeks dismissal on the grounds that the complaint both fails to comply with the requirement of Fed. R. Civ. P. 8(a)(3) and fails to allege facts sufficient to state a claim for relief.

---

[1] Records maintained by the Kansas Department of Corrections reflect plaintiff has been released and now resides in another state.

Defendant correctly notes that plaintiff has failed to state a specific demand for relief as required by Rule 8(a)(3). Such a defect, of course, could be remedied by allowing plaintiff an opportunity to amend the complaint to cure that deficiency.

In considering the argument that plaintiff fails to state a claim for relief, the court must determine "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Ridge v. Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). Under this standard, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Schneider*, *id*.

The record does not present a plausible claim for relief. First, the record shows that officials investigated plaintiff's claim of a plan to kill him but developed no evidence of any effort or plan to harm plaintiff. While the record shows that plaintiff was disciplined in separate incidents for attacking another inmate and for possessing a weapon and that he sometimes engaged in self-mutilating behavior, this suggests that plaintiff was in fear of an assault, but it does not support a claim that such an assault was intended or that prison officials failed to protect plaintiff.

Finally, the Prison Litigation Reform Act provides "no action shall be brought with respect to prison conditions under section 1983… or any other Federal law, by a prisoner confined in jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The record suggests

plaintiff failed to pursue any administrative grievance concerning the claims he now presents. *See* Doc. 26, Ex. 3, Affidavit of Annette Russett (stating there is no record of a grievance filed by plaintiff on issues of "safety, discrimination or other conditions of confinement at the Hutchinson Correctional Facility").

Because the plaintiff has failed to present a claim for relief that is plausible and because it appears he failed to pursue administrative remedies, the court concludes this matter should be dismissed.

IT IS, THEREFORE, BY THE COURT ORDERED the uncontested motion to dismiss (Doc. 28) is granted. This matter is dismissed and all relief is denied.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

DATED:  This 29th day of November, 2012, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge